**Affirmed and Memorandum Opinion filed August 9, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00689-CV

---

### IN THE INTEREST OF J.D.T., JR., Appellant

---

**On Appeal from the 313th District Court
Harris County, Texas
Trial Court Cause No. 2019-02493J**

---

### MEMORANDUM OPINION

In three issues, appellant Jonathan D. Thompson, Jr. challenges the trial court's order following his "second chance" hearing that resulted in his transfer to the Institutional Division of the Texas Department of Criminal Justice (TDCJ). We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Executive Director of Texas Juvenile Justice Department (TJJD) sent a referral letter to the trial court regarding appellant on July 27, 2020, which stated, in pertinent part:

Dear Judge Oakes:

Appellant was committed to the Texas Juvenile Justice Department from Harris County on October 3, 2019, following his adjudication for the offense of murder. He was assessed a determinate sentence of 14-years.

Appellant will not complete his statutory minimum period of confinement of three years for this offense[] by the time of his 19th birthday, which will occur on September 27, 2020. He is, therefore, subject to a hearing to determine whether he will be transferred to the Institutional Division or released to the Parole Division of the Texas Department of Criminal Justice.

The letter prompted such hearing in the juvenile court. Prior to the hearing, on September 15, 2020, Alanna Bennett directed another letter to Judge Oakes, attaching the TJJD's summary report that contained the TJJD's ultimate recommendation for appellant's release "to the supervision of TDCJ-PD prior to the completion of his three-year minimum period of confinement to serve the remainder of his 14-year determinate sentence."

The court heard testimony and reviewed evidence of the 2017 offense that served the basis of appellant's commitment to the TJJD, appellant's behavior while in juvenile detention, appellant's deficient performance and participation in educational, vocational, and rehabilitative treatment programs, challenges faced by appellant preventing his successful completion of such programs, and the TJJD's institutional processes relating to the assessment and recommendation of parole, generally and in favor of appellant.

At the conclusion of the evidentiary portion of the transfer/release hearing, the juvenile court entered a dispositional order of transfer, finding that Appellant was still in need of rehabilitation and that it would serve the best interests of appellant and the community for Appellant to be transferred to the Institutional Division of TDCJ for confinement for the remainder of Appellant's 14-year

determinate sentence

## II. ISSUES AND ANALYSIS

In his first two issues, appellant complains that the court either abused its discretion or lacked jurisdiction when it ordered that appellant be transferred to the Institutional Division (or TDCJ) "without the requisite statutory referral being made to do so." Because the issues intersect as a singular complaint that the trial court lacked statutory authority for ordering transfer to TDCJ, like both parties, we address the two issues as one.

Appellant's argument is based on the premise that the Executive Director's referral letter from TJJD clearly references Section 245.051(c) of the Texas Human Resources Code, devoted to release referral letters. This, appellant contends, limited the trial court's options at the hearing to two avenues, to order appellant's return to TJJD, either *with* or *without* approval for release under section 54.11(j) of the Texas Family Code. Appellant misses that though the court's transfer-jurisdiction had already been invoked by operation of the release referral,[1] a transfer hearing was also invoked by the letter. The letter advised that the case was ripe for a transfer hearing, cited the relevant statutory provisions pertaining to transfer procedures, and twice referred to the requested proceeding as a "transfer hearing."

We conclude that the referral letter invoked the juvenile court's jurisdiction to hold a "transfer/release hearing" under Section 244.014, as well as under Section 245.051, which at minimum, allowed its discretion to fashion an order at the conclusion of the hearing consistent with subsection (i)(1), (i)(2), (j)(1) or (j)(2) of section 54.11 of the Texas Family Code. See also Tex. Fam. Code Ann. §

---

[1] Tex. Fam. Code Ann. § 51.0411.

51.0411 ("The court retains jurisdiction over a person, without regard to the age of the person, who is referred to the court under Section 54.11 for transfer to the Texas Department of Criminal Justice or release under supervision."). After hearing evidence of appellant's premediated murder of James Tanner in front of a large group of people, his lack of remorse, his gang membership prior to the offense and during his detention, his conduct while in detention, the trial court ordered appellant's transfer to TDCJ for the completion of his sentence. The trial court did not abuse its discretion for acting without statutory authority. *See* Tex. Fam. Code § 54.11(i)(2).

Appellant's first and second issues are overruled.

The third issue concerns the trial court's taking of judicial notice of four exhibits, the printouts of web pages found on the TDJC's website. On appeal, his only argument is that when the court took judicial notice of the exhibits, it violated Texas Family Code section 54.11(d), which requires that the juvenile court "provide the attorney for the person to be transferred or released under supervision with access to all written matter to be considered by the court" five days in advance of the hearing. Tex. Fam. Code. 54.11. The State does not dispute that appellant's counsel objected to the exhibits, but argues that appellant failed to preserve the particular objection raised on appeal; that his complaint on appeal does not correspond with the objection raised in the trial court.

Preserving an objection to a trial court's admission of evidence requires that the objecting party timely object and state the specific ground for the objection, unless it is apparent from the context. Tex. R. Evid. 103(a)(1). The specificity requirement aims at ensuring that the trial court is aware of the basis for the objection. *Id*.; Tex. R. App. P. 33.1. When his appeal relates to the court's overruling of such objection, the appealing party must ensure the point of error is

4

the same as the complaint or objection made during trial. *Clark v. State*, 305 S.W.3d 351, 354–55 (Tex. App.—Houston [14th Dist.] 2010), *aff'd*, 365 S.W.3d 333 (Tex. Crim. App. 2012). If a party's objection at trial does not correspond with its issue on appeal, the party has waived the issue. *Id.*; *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).

We carefully review the transcript to determine if appellant made the juvenile court aware of statutory violation complaint:

> [Juvenile Court]: Okay. Do you have any other witnesses, Amanda?
>
> [Prosecutor]: Your Honor, the only thing I was going to ask is, honestly, so I didn't get this report until mid last week even though I've been asking for it for a while and I was little surprised by the recommendation. I was trying to get somebody from TDCJ to come testify about the rehabilitative programs. I was not able to do that in two days unfortunately; however -- and so I either would like the Court's permission to -- I do have some PDFs from their website to just at least provide the record with some information. Or I would request a little bit of time to secure that witness to rebut their recommendation to show that there are rehabilitative options outside of parole. So I would ask the Court either or -- either allow me to enter some document evidence that I could argue or allow me to reset to give a live witness.
>
> [Defense Counsel]: And, Judge, I would be – just for my argument, Judge, I would be opposed to the unauthenticated documents being shown to the Court. I actually received the -- TJJD actually sent us the documents on Tuesday, which is when I received them. So we have had six days to be able to do this. The amount of the exhibits that I was given and the amount of time that I was given is the exact same amount of time and the exhibits the State got. And the line of questioning and the cross-examination of these witnesses, is based off of just that evidence. So if additional time is granted to one side, then I would be asked to give the identical amount of time and I would have to be required to cross-examine each and every witness that's already testified.
>
> So I would be opposed to additional time for unauthenticated

5

evidence.

[Juvenile Court]: If these are the documents on the website, I will take judicial notice of them.

[Prosecutor]: So I'm going to mark them and send them, Your Honor, and if those will be admitted -- I hear the defense objection. If they will be admitted over objection, then I have no other evidence or witnesses, Your Honor.

…

[Prosecutor]: Your Honor, for the record, they are going to marked as Exhibits 25, 26, 27 and 28. It is copies directly from TDCJ's website that I will tender to the Court and opposing counsel.

(Petitioner's Exhibits 25-28 offered.)

[Juvenile Court]: Okay.

[Defense Counsel]: And my objection to taking judicial notice, that was denied, Judge?

[Juvenile Court]: Yes.

Appellant's trial counsel clearly objected to the four exhibits, *as unauthenticated*. (e.g., "I would be opposed to the unauthenticated documents being shown to the Court."). Though the attorney's explanation spanned beyond that objection, the remainder of her argument was focused on appellant's opposition to affording either party additional time, but not with the trial court's failure to provide access to the webpages five days in advance of the hearing. We cannot reasonably interpret any of the comments appellant's counsel made in the context of the objection to the webpages as based on the contention that the trial court violated Texas Family Code section 54.11(d). Because the record lacks an objection to the statutory violation or an objection that corresponds with the objections made at the trial level, appellant has failed to preserve his specific complaint on appeal. *Clark*, 305 S.W.3d at 355; See also Tex. R. Evid. 103(a)(1); Tex. R. App. P. 33.1(a).

We therefore overrule appellant's third issue.

## III. CONCLUSION

Having overruled each issue we affirm the trial court's transfer order.


/s/     Randy Wilson
          Justice

Panel consists of Chief Justice Christopher, Justices Zimmerer and Wilson.